IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-225-BO

| EMMA LEE COOLEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | O R D E R |
|  | ) |  |
| PHH MORTGAGE SERVICES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the Court on defendant's motion to dismiss for insufficient service of process and lack of personal jurisdiction. [DE 12]. For the reasons that follow, defendant's motion is GRANTED.

## BACKGROUND

Defendant services a mortgage loan that plaintiff obtained to purchase property. On June 4, 2019, plaintiff filed this suit alleging illegal foreclosure of the property, attempted extortion, returned mortgage payments, requested fees, and a false claim that plaintiff is in default. Plaintiff repeated these same allegations in her amended complaint filed on July 17, 2019. Plaintiff served D. Kyle Deak, an attorney at Troutman Sanders LLP, who represented the defendant in a previous suit between plaintiff and a prior mortgage servicer. The Court granted the defendant's summary judgment motion in the prior case on June 7, 2019. *See Cooley v. Ocwen Loan Servicing, LLC*, 5:17-cv-533-BO.

Defendant moved to dismiss this suit for insufficient service of process and lack of personal jurisdiction.

## DISCUSSION

A defendant may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

Rule 4 requires that a domestic corporation be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). A corporation's attorney is not its agent for purposes of service of process unless expressly or impliedly designated. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997).

Here, plaintiff failed to show that Mr. Deak or Troutman Sanders was explicitly or impliedly appointed as an agent authorized to accept service of process. The only evidence provided by plaintiff is a May 20, 2019 letter from Mr. Deak and Troutman Sanders responding to a May 6, 2019 correspondence sent by plaintiff to defendant. This letter is not enough. The firm's representation of defendant in one capacity does not mean that the firm is authorized to receive service of process for a lawsuit.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 12] is GRANTED. This case is DISMISSED WITHOUT PREJUDICE for insufficient service of process. The clerk is DIRECTED to close the case.

SO ORDERED, this 22 day of October, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

2